IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBIN TOWNSEND GRIGGS,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] MC-07-BE-1127-E |
| | ] |
| **CITY OF GADSDEN REVENUE** | ] |
| **DEPT., et al.,** | ] |
| | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the "Motion to Dismiss Plaintiff's First Amended Complaint" (doc. 20), filed by Defendants PRA Government Services, LLC d/b/a RDS/Alatax, Rebecca Adams, and Sherrie Dale. For the reasons stated below, the court GRANTS the motion and DISMISSES WITHOUT PREJUDICE all claims against RDS/Alatax, Dale, and Adams.

RDS/Alatax contracts with various counties and municipalities in Alabama, including the City of Gadsden and Etowah County, to provide auditing and tax collection services on behalf of the counties and municipalities. According to the first amended complaint, Defendant Adams is RDS/Alatax's Director of Audit, and Defendant Dale is RDS/Alatax's Senior Compliance Officer. The essential claim against these three Defendants is that RDS/Alatax and its employees failed to follow certain procedures set forth in the Alabama Taxpayer Bill of Rights ("TBOR"), Ala. Code § 40-2A-7 (1975). As a result, Plaintiff claims that taxes were wrongfully assessed against her, she lost her business license, her business was closed, and a lien was placed on her property.

RDS/Alatax, Adams, and Dale moved to dismiss the first amended complaint on several grounds. Much of their motion focuses on their arguments that (1) they are improper Defendants, and (2) Plaintiff's first amended complaint fails to state a cause of action against them. Relying upon *Rutledge Petroleum Corp. v. F&W Trucking*, 545 So. 2d 60 (Ala. Civ. App. 1988), the moving Defendants argue that Plaintiff may bring suit against only the state taxing authority -- not third parties -- and cannot join any additional claims related to the tax assessment. The issue in *Rutledge*, however, was much narrower than Defendants indicate. As the Alabama Court of Civil Appeals stated: "The <u>narrow issue</u> with which we are concerned is whether Rutledge may include **in one action** an appeal of a final tax assessment and a bill for declaratory judgment against third parties." *Rutledge*, 545 So. 2d at 61 (emphasis added). The court then held that the proper parties to an <u>appeal</u> of a tax assessment are the taxpayer and the taxing authority -- not third parties -- because the "trial court's review is strictly limited to a determination of the legality of the final assessment." *Id.* at 62 (citing *Muncaster v. Alabama*, 426 So. 2d 857 (Ala. Civ. App. 1983); *Moore v. Alabama Dep't of Revenue*, 447 So. 2d 744 (Ala. Civ. App. 1983)). The court did not hold that the taxpayer could not bring an independent cause of action against third parties based on some other legal theory. As discussed below, Plaintiff's action in this court is not an appeal from the tax assessment, but instead an independent action.

The moving Defendants next argue that the first amended complaint fails to state causes of action against RDS/Alatax, Adams, and Dale. In essence, the complaint alleges that RDS/Alatax and its employees failed to follow due process procedures enumerated in the TBOR, including notice requirements and appeal rights. As a proximate result, Plaintiff lost property interests in her business license and real property. Although the first amended complaint fails to

-2-

specifically identify a cause of action – and certainly is not a model of clarity – the court nonetheless concludes that Plaintiff clearly <u>attempts</u> to state a procedural due process deprivation under 42 U.S.C. § 1983. Such a § 1983 claim would be a distinct action from the appeal of the tax assessment pending in the state court. Plaintiff could not have joined her § 1983 claim in the pending state court action, nor could she have brought her appeal of the tax assessment in this court. In addition, a § 1983 claim does not depend upon the ultimate outcome in the state court; that is, Defendants could have violated Plaintiff's procedural due process rights even if the tax assessment, resulting lien, and revocation of Plaintiff's business license were proper.

Plaintiff's attempt to state a § 1983 claim, however, is ultimately unsuccessful. A plaintiff does not allege a constitutional wrong for deprivation of a property interest without due process because of a state agent's unauthorized failure to follow established procedures <u>unless</u> she shows that no adequate state remedy exists to redress the wrong. *Parratt v. Taylor*, 451 U.S. 527, 541-42 (1981), *overruled on other grounds*, *Daniel v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (*en banc*). That is, "[i]t is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (citations omitted).

Thus, to state a constitutional wrong, Plaintiff must plead and prove that Alabama law provided her with an inadequate post-deprivation remedy. *Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir. 1996). Plaintiff's first amended complaint is completely devoid of any challenge to the adequacy of Alabama's post-deprivation remedies. Without such allegations, this court

cannot decide whether Alabama law does in fact provide adequate remedies to make Plaintiff whole.

Therefore, Plaintiff has failed to state a claim under § 1983 sufficient to invoke this court's jurisdiction.  *See* Erwin Chemerinsky, *Federal Jurisdiction* § 8.9, at 556 (4th ed. 2003) (noting that the *Parratt* limitation is one that "do[es] not simply limit federal court jurisdiction," but is a "restrictive interpretation[] of the Constitution itself").  Accordingly, the court GRANTS the motion and DISMISSES WITHOUT PREJUDICE all claims against Defendants RDS/Alatax, Dale, and Adams.

DONE and ORDERED this 31st day of January, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE